MICHAEL MCGUINNESS (S.B. #133298)
mmcguinness@omm.com
ANDREW LICHTENSTEIN (S.B. #279297)
alichtenstein@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071-2899
Telephone:  (213) 430-6000
Facsimile:    (213) 430-6407

Attorneys for Defendants
American Airlines Group, Inc. and American
Airlines, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE THERESA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN AIRLINES GROUP;<br>AMERICAN AIRLINES, INC.; and,<br>DOES 1-50, inclusive,<br><br>　　　　　　　Defendants. | Case No. 14-CV-08376-DSF(PJWx)<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS AND INFORMATION AND ORDER**<br><br>**[DISCOVERY MATTER]**<br><br>Judge:  Hon. Dale S. Fischer<br>Magistrate Judge: Hon. Victor B. Kenyon<br><br>Discovery Cutoff:　　　7/24/2015<br>Pretrial Conference:　　10/19/2015<br>Trial:　　　　　　　　11/17/2015 |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff George Theresa ("Plaintiff") and Defendant American Airlines, Inc. ("Defendant"), through their respective counsel, that, during this action, all documents, information, tangible items, and testimony designated as "CONFIDENTIAL" by the producing party in the above matter be, and hereby are, subject to the following terms and conditions.

1. <u>GENERAL</u>

A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve confidential personal information, trade secrets and/or other valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action may be warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices or procedures, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes

over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. <u>DEFINITIONS</u>

2.1 **Action**: The above-captioned lawsuit, *i.e.*, *George Theresa v. American Airlines Group, et al.*, No. 2:14-CV-08376-DSF-PJW (C.D. Cal.).

2.2 **Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 **"CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 **Counsel**: Outside Counsel of Record and In-house Counsel (as well as their support staff).

2.5 **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as

1  an expert witness or as a consultant in this Action.

2    2.8 **In-house Counsel**: attorneys who are employees of a party to this Action.

3  In-house Counsel does not include Outside Counsel of Record or any other outside

4  counsel.

5    2.9 **Non-Party**: any natural person, partnership, corporation, association, or

6  other legal entity not named as a Party to this action.

7    2.10 **Outside Counsel of Record**: attorneys who are not employees of a

8  party to this Action but are retained to represent or advise a party to this Action and

9  have appeared in this Action on behalf of that party or are affiliated with a law firm

10  which has appeared on behalf of that party, and includes support staff.

11    2.11 **Party**: any party to this Action, including all of its officers, directors,

12  employees, consultants, retained experts, and Outside Counsel of Record (and their

13  support staffs).

14    2.12 **Producing Party**: a Party or Non-Party that produces Disclosure or

15  Discovery Material in this Action.

16    2.13 **Professional Vendors**: persons or entities that provide litigation support

17  services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or

18  demonstrations, and organizing, storing, or retrieving data in any form or medium)

19  and their employees and subcontractors.

20    2.14 **Protected Material**: any Disclosure or Discovery Material that is

21  designated as "CONFIDENTIAL."

22    2.15 **Receiving Party**: a Party that receives Disclosure or Discovery Material

23  from a Producing Party.

24    3. <u>SCOPE</u>

25    The protections conferred by this Stipulation and Order cover not only

26  Protected Material (as defined above), but also (1) any information copied or

27  extracted from Protected Material; (2) all copies, excerpts, summaries, or

28  compilations of Protected Material; and (3) any testimony, conversations, or

STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS 2:14-CV-08376-DSF-PJW

1   presentations by Parties or their Counsel that might reveal Protected Material.

2   Any use of Protected Material at trial shall be governed by the orders of the

3   trial judge.  This Order does not govern the use of Protected Material at trial.

4   4. DURATION

5   Even after final disposition of this litigation, the confidentiality obligations

6   imposed by this Order shall remain in effect until a Designating Party agrees

7   otherwise in writing or a court order otherwise directs.  Final disposition shall be

8   deemed to be the later of (1) dismissal of all claims and defenses in this Action,

9   with or without prejudice; and (2) final judgment herein after the completion and

10  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

11  including the time limits for filing any motions or applications for extension of time

12  pursuant to applicable law.

13  5. DESIGNATING PROTECTED MATERIAL

14  5.1 Exercise of Restraint and Care in Designating Material for Protection.

15  Each Party or Non-Party that designates information or items for protection under

16  this Order must take care to limit any such designation to specific material that

17  qualifies under the appropriate standards.  If it comes to a Designating Party's

18  attention that information or items that it designated for protection do not qualify

19  for protection, that Designating Party must promptly notify all other Parties that it is

20  withdrawing the inapplicable designation.

21  5.2 Manner and Timing of Designations. Except as otherwise provided in this

22  Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise

23  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

24  under this Order must be clearly so designated before the material is disclosed or

25  produced.

26  Designation in conformity with this Order requires:

27  (a) for information in documentary form (*e.g.*, paper or electronic documents,

28  but excluding transcripts of depositions or other pretrial or trial proceedings), that

- 4 -

the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.

(b) for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material (i) on the record, before the close of the deposition, all protected testimony, or (ii) by making a designation in writing within twenty-one (21) days after counsel receives a copy of the final transcript of the deposition, with such designation provided to all counsel of record.  All counsel of record shall treat the deposition transcripts as "CONFIDENTIAL" for the first twenty-one (21) days after receipt of such deposition transcripts.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."

5.3 Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon correction of a designation, the Receiving Party must ensure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.*

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous designations or challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the responsible party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

7.2 Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS 2:14-CV-08376-DSF-PJW

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that (i) the party engaging such expert(s) shall send a copy of the Acknowledgment and Agreement to Be Bound to the counsel for the opposing party within ten (10) days of execution, except that copies of the executed Acknowledgement and Agreement to Be Bound by undisclosed outside consultants or Experts may be kept on file and not exchanged, and (ii) if the party chooses an expert employed by one of the defendant's competitors, the party shall notify the defendant before disclosing any information designated "CONFIDENTIAL" to that expert and shall give the defendant the opportunity to move for a protective order preventing or limiting such disclosure;

(d) the court and its personnel;

(e) court reporters and their staff engaged for depositions or hearings in this Action;

(f) Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, third party witnesses and their attorneys to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be

1   permitted to keep any confidential information, unless otherwise agreed by the

2   Designating Party or ordered by the court.  Pages of transcribed deposition

3   testimony or exhibits to depositions that reveal Protected Material may be

4   separately bound by the court reporter and may not be disclosed to anyone except

5   as permitted under this Stipulated Protective Order;

6        (i) any mediator or settlement officer, and their supporting personnel,

7   mutually agreed upon by any of the parties engaged in settlement discussions; and

8        (j) any other persons agreed to by the Parties.

9        8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>

10  <u>PRODUCED IN OTHER LITIGATION</u>

11       If a Party is served with a subpoena or a court order issued in other litigation

12  that compels disclosure of any information or items designated in this Action as

13  "CONFIDENTIAL," that Party must:

14       (a) promptly notify in writing the Designating Party.  Such notification shall

15  include a copy of the subpoena or court order;

16       (b) promptly notify in writing the party who caused the subpoena or order to

17  issue in the other litigation that some or all of the material covered by the subpoena

18  or order is subject to this Protective Order.  Such notification shall include a copy

19  of this Stipulated Protective Order; and

20       (c) cooperate with respect to all reasonable procedures sought to be pursued

21  by the Designating Party whose Protected Material may be affected.

22       If the Designating Party timely seeks a protective order, the Party served with

23  the subpoena or court order shall not produce any information designated in this

24  action as "CONFIDENTIAL" before a determination by the court from which the

25  subpoena or order issued, unless the Party has obtained the Designating Party's

26  permission.  The Designating Party shall bear the burden and expense of seeking

27  protection in that court of its confidential material and nothing in these provisions

28  should be construed as authorizing or encouraging a Receiving Party in this Action

STIPULATED PROTECTIVE ORDER RE
CONFIDENTIAL DOCUMENTS 2:14-CV-
08376-DSF-PJW

1  to disobey a lawful directive from another court.

2      9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>

3  <u>PRODUCED IN THIS LITIGATION</u>

4      (a) The terms of this Order are applicable to information produced by a Non-

5  Party in this Action and designated as "CONFIDENTIAL." Such information

6  produced by Non-Parties in connection with this litigation is protected by the

7  remedies and relief provided by this Order.  Nothing in these provisions should be

8  construed as prohibiting a Non-Party from seeking additional protections.

9      (b) In the event that a Party is required, by a valid discovery request, to

10  produce a Non-Party's confidential information in its possession, and the Party is

11  subject to an agreement with the Non-Party not to produce the Non-Party's

12  confidential information, then the Party shall:

13      (1) promptly notify in writing the Requesting Party and the Non-Party that

14  some or all of the information requested is subject to a confidentiality agreement

15  with a Non-Party;

16      (2) promptly provide the Non-Party with a copy of the Stipulated Protective

17  Order in this Action, the relevant discovery request(s), and a reasonably specific

18  description of the information requested; and

19      (3) make the information requested available for inspection by the Non-

20  Party, if requested.

21      (c) If the Non-Party fails to seek a protective order from this court within 21

22  days of receiving the notice and accompanying information, the Receiving Party

23  may produce the Non-Party's confidential information responsive to the discovery

24  request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

25  not produce any information in its possession or control that is subject to the

26  confidentiality agreement with the Non-Party before a determination by the court.

27  Absent a court order to the contrary, the Non-Party shall bear the burden and

28  expense of seeking protection in this court of its Protected Material.

STIPULATED PROTECTIVE ORDER RE
CONFIDENTIAL DOCUMENTS 2:14-CV-
08376-DSF-PJW

1    10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

2        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

3    Protected Material to any person or in any circumstance not authorized under this

4    Stipulated Protective Order, the Receiving Party must immediately (a) notify in

5    writing the Designating Party of the unauthorized disclosures, (b) use its best

6    efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

7    person or persons to whom unauthorized disclosures were made of all the terms of

8    this Order, and (d) request such person or persons to execute the "Acknowledgment

9    and Agreement to Be Bound" that is attached hereto as Exhibit A.

10       11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

11   <u>PROTECTED MATERIAL</u>

12       When a Producing Party gives notice to Receiving Parties that certain

13   inadvertently produced material is subject to a claim of privilege or other

14   protection, the obligations of the Receiving Parties are those set forth in Federal

15   Rule of Civil Procedure 26(b)(5)(B). Consistent with Federal Rule of Evidence 502,

16   if a party inadvertently produces or provides discovery that it believes is subject to

17   a claim of privilege or of protection as trial-preparation material, the inadvertent

18   production is not and will not be construed or deemed to be a general or specific

19   waiver or forfeiture of any such privilege, immunity, or work-production protection

20   that the Producing Party would otherwise be entitled to assert with respect to the

21   inadvertently disclosed information and its subject matter.  The Producing Party

22   making the claim may notify the Receiving Party in writing of the claim and the

23   basis for it (and should identify the document by bates number).  Within seven (7)

24   business days of receiving such notice, the Receiving Party must return, sequester,

25   or destroy the specified information and any copies it has; must not use or disclose

26   the information until the claim is resolved; and must take reasonable steps to

27   retrieve the information if the party disclosed it before being notified.  Such

28   material shall not be introduced into evidence in this or any other proceeding by

STIPULATED PROTECTIVE ORDER RE
CONFIDENTIAL DOCUMENTS 2:14-CV-
08376-DSF-PJW

1   any person without the consent of the party which inadvertently produced the

2   material, or by order of the Court, nor will such material be subject to production in

3   any proceeding by virtue of the fact that it was inadvertently produced in this

4   lawsuit.

5       12. <u>MISCELLANEOUS</u>

6       12.1 Right to Further Relief.  Nothing in this Order abridges the right of any

7   person to seek its modification by the Court in the future.

8       12.2 Right to Assert Other Objections.  By stipulating to the entry of this

9   Protective Order no Party waives any right it otherwise would have to object to

10  disclosing or producing any information or item on any ground not addressed in

11  this Stipulated Protective Order.  Similarly, no Party waives any right to object on

12  any ground to use in evidence of any of the material covered by this Protective

13  Order.

14      12.3 Filing Protected Material.  A Party that seeks to file under seal any

15  Protected Material must comply with Civil Local Rule 79-5.

16      13. <u>FINAL DISPOSITION</u>

17      After the final disposition of this Action, as defined in paragraph 4, within 60

18  days of a written request by the Designating Party, each Receiving Party must

19  return all Protected Material to the Producing Party or destroy such material. As

20  used in this subdivision, "all Protected Material" includes all copies, abstracts,

21  compilations, summaries, and any other format reproducing or capturing any of the

22  Protected Material.  Notwithstanding this provision, no outside counsel for a party

23  is required to delete information that may reside on its electronic back-up systems

24  that are overwritten in the normal course of business.  Notwithstanding the

25  foregoing, outside counsel shall be entitled to maintain copies of all

26  correspondence, pleadings, motions and briefs (including all supporting and

27  opposing papers and exhibits thereto), deposition transcripts (and exhibits thereto)

28  and exhibits offered or introduced into evidence at any hearing, and their attorney

STIPULATED PROTECTIVE ORDER RE
CONFIDENTIAL DOCUMENTS 2:14-CV-
08376-DSF-PJW

1  work product, which refers or is related to any CONFIDENTIAL Information for
2  archival purposes only.  If a party destroys such Protected Material, the party must
3  so certify in writing to the producing party.

4          14. <u>OTHER PROVISIONS</u>

5          14.1 Nothing in this Order shall restrict any party to this proceeding or its
6  attorneys from disclosing or using, in any manner and for any purpose, its own
7  Protected Material.

8          14.2 Any violation of this Order may be punished by any and all appropriate
9  measures including, without limitation, contempt proceedings and/or monetary
10  sanctions.

11          14.3 This Order is intended solely to facilitate the preparation and litigation
12  of this action and shall not be construed in any way as an admission or agreement
13  by any party that any documents or materials actually constitute or contain any
14  privileged, confidential or proprietary information under applicable law.  The
15  parties are entitled to apply, at any time during the pendency of this action, to the
16  Court on written motion, for, among other things, an order for modification of or
17  relief from the provisions of this Order after ten (10) days prior written notice to the
18  other party.

19
20
21
22
23
24
25
26
27
28

STIPULATED PROTECTIVE ORDER RE
CONFIDENTIAL DOCUMENTS 2:14-CV-
08376-DSF-PJW

1  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**:

2

3        Dated:  April 29, 2015      O'MELVENY & MYERS LLP

4                                          MICHAEL MCGUINNESS
ANDREW LICHTENSTEIN

5

6                                          By:   /s/ Michael G. McGuinness

7                                                    Michael G. McGuinness

8                                          Attorneys for Defendants
American Airlines Group, Inc. and

9                                          American Airlines, Inc.

10

11        Dated:  April  29, 2015     NATIONAL INJURY LAW FIRM, LLP

12                                            OLIVIER A. TAILLIEU
GILBERT PEREZ, III

13

14

15                                          By:   /s/ Olivier A. Taillieu

16                                                 Olivier A. Taillieu
Attorneys for Plaintiff

17                                          George Theresa

18  **IT IS SO ORDERED.**

19

20  **MAY 11, 2015.**

21

22                                                _____

23                                          **PATRICK J. WALSH**

24                                          **U.S. MAGISTRATE JUDGE**

25

26

27

28

- 13 -

## **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of *George Theresa v. American Airlines Group, et al.*, No.

2:14-CV-08376-DSF-PJW (C.D. Cal.).  I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature

of contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print

or type full name] of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER RE
CONFIDENTIAL DOCUMENTS 2:14-CV-
08376-DSF-PJW